**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50829

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWONE DUSHA CHAPPELL,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-97-CR-48)

October 6, 1998

Before POLITZ, Chief Judge and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Antwone Dusha Chappell of being a felon in possession of a firearm. He appeals his conviction and corresponding sentence, contending that the district court erred in several of its evidentiary rulings and in its upward departure from the Sentencing Guidelines.

We review a trial court's evidentiary rulings for abuse of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion. If we find error, we review it under the harmless error doctrine. See United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996). We "must affirm evidentiary rulings unless they affect a substantial right of the complaining party." Id. We view any errors found "not in isolation, but in relation to the entire proceeding." Id. After a careful review of the record and the controlling authorities, we are convinced that none of the evidentiary rulings challenged by Chappell rise to the level of reversible error. As such, his conviction must be affirmed.

Chappell also appeals his sentence, contending that the district court erred in relying on unreliable evidence in the presentence investigation report when departing upward. Chappell's contention is without merit. We will affirm an upward departure when the sentencing court articulates acceptable reasons for departing and the extent of the departure is reasonable. Under § 4A1.3 of the Guidelines, an upward departure is proper if the defendant's criminal history is seriously under-represented by his Criminal History Category or if he is likely to commit crimes in the future. Here, the testimony regarding unprosecuted criminal incidents in Chappell's past was corroborated by reliable evidence. See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir.), cert. denied, 513 U.S. 864 (1994). As such, his sentence, too, must be affirmed.

AFFIRMED.